**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**

| | | |
|---|---|---|
| HITESH PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| GOOD CHOICE CARRIER, INC., and | ) | **Plaintiff Demands a Jury Trial** |
| MEGA TRANS GROUP L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Hitesh Patel, by and through his attorneys, Levinson and Stefani Injury Lawyers, and complaining of the Defendants, Good Choice Carrier, Inc., and Mega Trans Group, LLC, states as follows:

## Venue and Jurisdiction

1.  The Plaintiff, Hitesh Patel, is a citizen of the State of Ohio.

2.  The Defendant, Good Choice Carrier, Inc., is a corporation incorporated under the laws of the State of Wisconsin, County of Marquette, and has its principal place of business in the State of Wisconsin and is therefore a citizen of the State of Wisconsin.

3.  The Defendant, Mega Trans Group, LLC, is a corporation incorporated under the laws of the State of Illinois, County of Will, and has its principal place of business in the State of Illinois and is therefore a citizen of the State of Illinois.

4.  Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of

$75,000.00.  Each of the parties hereto is a citizen of the United States but is a citizen of separate states within the United States.

5.     This court has pendent jurisdiction over all state claims presented herein pursuant to 28 U.S.C. § 1367.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**Facts Common to All Counts**

7.     On or about August 30, 2023, the Defendant, Good Choice Carrier, Inc. ("Good Choice"), was a corporation registered in the State of Wisconsin, with a principal address of W6360 Tamarack Court, Neshkoro, Wisconsin.

8.     At all relevant times herein, the Defendant, Good Choice, a Motor Carrier, was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

9.     At the aforementioned time and place, the Defendant, Good Choice, was the owner and operator of a semi-truck, US DOT Number 1527178 (hereinafter "Semi Truck").

10.     At all relevant times herein, Kestutis Varatiejus ("Varatiejus") was an agent, servant, and/or employee of Defendant Good Choice.

11.     Varatiejus was driving the Semi Truck eastbound on Interstate 74, approximately near milepost 208.

12.     On or about August 30, 2023, the Defendant, Mega Trans Group, LLC ("Mega Trans"),

was a corporation registered in the State of Illinois, with a principal address of 1400 North Independence Boulevard, Romeoville, Illinois.

13.   At all relevant times herein, the Defendant, Mega Trans, a Motor Carrier, was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

14.   At the aforementioned time and place, the Defendant, Mega Trans, was the owner and operator of the Semi Truck.

15.   At all relevant times herein, Varatiejus was an agent, servant, and/or employee of Defendant Mega Trans.

16.   Varatiejus was driving the Semi Truck eastbound on Interstate 74, approximately near milepost 208.

17.   At all relevant times herein, Varatiejus, a commercial motor vehicle driver, was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

18.   At the aforementioned time, Plaintiff, Hitesh Patel, was operating his vehicle, also a tractor-trailer, driving eastbound on Interstate 74, approximately ½ mile east of milepost 208 and directly in front of Defendant's vehicle.

19.   Varatiejus's semi-truck collided with Plaintiff's vehicle.

20.     The Plaintiff, Hitesh Patel, at all relevant times herein was in no way comparatively or contributorily negligent.

21.     Upon information and belief, Varatiejus is deceased and no personal representative has been appointed for his estate.

**COUNT I:     Negligence against Good Choice Carrier, Inc. by Hitesh Patel (Respondeat Superior)**

22.     The Plaintiff, Hitesh Patel hereby adopts and re-alleges paragraphs 1-21 as though fully set forth herein.

23.     At said time and place, Varatiejus was operating the Semi Truck under the authority and control of his employer or contractor, Good Choice.

24.     At said time and place, Varatiejus was operating the Semi Truck with the consent of Defendant Good Choice.

25.     At said time and place, Varatiejus was operating the Semi Truck in the course and scope of his employment.

26.     At said time and place, it was the duty of the Defendant, Good Choice, by and through its agent or employee Varatiejus, to own, operate, maintain, and control its Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Hitesh Patel.

27.     Notwithstanding the foregoing duty, the Defendant, Good Choice, by and through its agent or employee Varatiejus, did own, operate, maintain, and control its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

a)      operated its Semi Truck at a speed too great for conditions prevailing;

b)      operated its Semi Truck at a speed greater than was reasonable and proper with regard to traffic conditions, in violation of 625 ILCS 5/11-601;

c)      failed to keep a proper lookout;

d)      ignored and/or failed to reduce its speed in response to posted road construction and work zone warnings and signage;

e)      operated its Semi Truck while in a distracted state;

f)      followed the Plaintiff Hitesh Patel's vehicle too closely;

g)      failed to avoid a collision with the vehicle operated by Plaintiff, Hitesh Patel;

h)      failed to slow or stop its Semi Truck when danger to the Plaintiff, Hitesh Patel was imminent;

i)      struck the vehicle occupied by the Plaintiff, Hitesh Patel;

j)      failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including not having its legally required log book, and/or violating regulations on maximum driving time; and

k)      failed to properly maintain its Semi Truck, including but not limited to adequate brakes.

28.    As a direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by the Defendant Good Choice did violently collide with the vehicle

2:24-cv-02172-CSB-EIL     # 1     Filed: 07/22/24     Page 6 of 12

occupied by the Plaintiff, Hitesh Patel, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)    bodily injury;

b)    pain and suffering;

c)    mental suffering;

d)    loss of earnings;

e)    medical expenses; and

f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, Hitesh Patel, prays for judgment against the Defendant, Good Choice, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

## COUNT II:   Direct Negligence against Good Choice Carrier, Inc., by Hitesh Patel

29.    The Plaintiff, Hitesh Patel hereby adopts and re-alleges paragraphs 1-21 as though fully set forth herein.

30.    The Defendant, Good Choice, had the duty to act reasonably in hiring, training, supervising, and retaining Varatiejus to operate the Semi Truck.

31.    The Defendant, Good Choice, had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Varatiejus, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws.

Complaint at Law

Page 6 of 12

32.    Notwithstanding the foregoing duties, the Defendant, Good Choice, by and through its employees or agents, did breach said duties in one or more of the following ways:

a)    hired Varatiejus when it knew or should have known he was unqualified to operate the Semi Truck;

b)    knew or should have known that Varatiejus was unfit to operate the Semi Truck;

c)    allowed Varatiejus to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;

d)    failed to properly train Varatiejus in the safe operation of the Semi Truck;

e)    failed to properly supervise Varatiejus when necessary or reasonable to do so to ensure safety and compliance with applicable rules;

f)    failed to take appropriate action in disciplining or re-training Varatiejus when it knew or should have known Varatiejus failed to comply with various rules and regulations; and

g)    did not remove Varatiejus from duties after Good Choice knew or should have known Varatiejus was unfit for the job.

33.    As a direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by the Defendant, Good Choice, did violently collide with the vehicle occupied by the Plaintiff, Hitesh Patel, and as a result thereof, the Plaintiff, Hitesh Patel did suffer the following past, present, and future loss and damage:

a)      bodily injury;

b)      pain and suffering;

c)      mental suffering;

d)      loss of earnings;

e)      medical expenses; and

f)      disability or loss of normal life.

WHEREFORE, the Plaintiff, Hitesh Patel, prays for judgment against the Defendant, Good Choice, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

## COUNT III:   Negligence against Mega Trans Group, LLC by Hitesh Patel (Respondeat Superior)

34.    The Plaintiff, Hitesh Patel hereby adopts and re-alleges paragraphs 1-21 as though fully set forth herein.

35.    At said time and place, Varatiejus was operating the Semi Truck under the authority and control of his employer or contractor, Mega Trans.

36.    At said time and place, Varatiejus was operating the Semi Truck with the consent of Defendant Mega Trans.

37.    At said time and place, Varatiejus was operating the Semi Truck in the course and scope of his employment.

38.    At said time and place, it was the duty of the Defendant, Mega Trans, by and through its

Complaint at Law                                                    Page 8 of 12

agent or employee Varatiejus, to own, operate, maintain, and control its Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Hitesh Patel.

39.    Notwithstanding the foregoing duty, the Defendant, Mega Trans, by and through its agent or employee Varatiejus, did own, operate, maintain, and control its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

a)    operated its Semi Truck at a speed too great for conditions prevailing;

b)    operated its Semi Truck at a speed greater than was reasonable and proper with regard to traffic conditions, in violation of 625 ILCS 5/11-601;

c)    failed to keep a proper lookout;

d)    ignored and/or failed to reduce its speed in response to posted road construction and work zone warnings and signage;

e)    operated its Semi Truck while in a distracted state;

f)    followed the Plaintiff Hitesh Patel's vehicle too closely;

g)    failed to avoid a collision with the vehicle operated by Plaintiff, Hitesh Patel;

h)    failed to slow or stop its Semi Truck when danger to the Plaintiff, Hitesh Patel was imminent;

i)    struck the vehicle occupied by the Plaintiff, Hitesh Patel;

j)    failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*,

including not having its legally required log book, and/or violating regulations on maximum driving time; and

k) failed to properly maintain its Semi Truck, including but not limited to adequate brakes.

40. As a direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by the Defendant Mega Trans did violently collide with the vehicle occupied by the Plaintiff, Hitesh Patel, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) mental suffering;

d) loss of earnings;

e) medical expenses; and

f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Hitesh Patel, prays for judgment against the Defendant, Mega Trans, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

## COUNT IV:   Direct Negligence against Mega Trans Group, LLC, by Hitesh Patel

41. The Plaintiff, Hitesh Patel hereby adopts and re-alleges paragraphs 1-21 as though fully set forth herein.

42.    The Defendant, Mega Trans, had the duty to act reasonably in hiring, training, supervising, and retaining Varatiejus to operate the Semi Truck.

43.    The Defendant, Mega Trans, had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Varatiejus, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws.

44.    Notwithstanding the foregoing duties, the Defendant, Mega Trans, by and through its employees or agents, did breach said duties in one or more of the following ways:

a)    hired Varatiejus when it knew or should have known he was unqualified to operate the Semi Truck;

b)    knew or should have known that Varatiejus was unfit to operate the Semi Truck;

c)    allowed Varatiejus to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;

d)    failed to properly train Varatiejus in the safe operation of the Semi Truck;

e)    failed to properly supervise Varatiejus when necessary or reasonable to do so to ensure safety and compliance with applicable rules;

f)    failed to take appropriate action in disciplining or re-training Varatiejus when it knew or should have known Varatiejus failed to comply with various rules and regulations; and

g)    did not remove Varatiejus from duties after Mega Trans knew or should have known Varatiejus was unfit for the job.

45.    As a direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by the Defendant, Mega Trans, did violently collide with the vehicle occupied by the Plaintiff, Hitesh Patel, and as a result thereof, the Plaintiff, Hitesh Patel did suffer the following past, present, and future loss and damage:

    a)    bodily injury;

    b)    pain and suffering;

    c)    mental suffering;

    d)    loss of earnings;

    e)    medical expenses; and

    f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, Hitesh Patel, prays for judgment against the Defendant, Mega Trans, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

Respectfully submitted,

By: _____

Kenneth H. Levinson

Levinson and Stefani Injury Lawyers
Attorneys for the Plaintiff
10 S. LaSalle St., Suite 1330
Chicago, Illinois 60603
P: (312) 376-3812
F: (312) 376-3818
E: ken@levinsonstefani.com
ARDC No.: 6284062